| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the:<br>Southern District of New York<br><br>Case number (*if known*): _____ Chapter 15 |

☐ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).*

**1. Debtor's name**

Enjoy S.A.

**2. Debtor's unique identifier**

**For non-individual debtors**

☐ Federal Employer Identification Number (EIN)   ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other 96.970.380-7 . Describe identifier Chilean taxpayer ID .

**For individual debtors**

☐ Social Security number:   xxx – xx– ___ ___ ___

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ___ ___ ___

☐ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

Juan Ignacio Jamarne Torres

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Reorganization proceeding pending before the 8th Civil Court in Santiago, Chile

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached. [See Exhibit A]

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached. [See Exhibit B]
Resolution of the Chilean Insolvency Superintendency authorizing
Mr. Jamarne Torres to act as bankruptcy administrator before foreign courts.

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

| Debtor | Enjoy S.A. | Case number (if known) |
|---|---|---|
| | Name | |

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)  all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Chile

**Debtor's registered office:**

Av. Presidente Riesco 5711, 15th Floor
Number          Street

_____
P.O. Box

Santiago                    75        61114
City          State/Province/Region        ZIP/Postal Code

Chile
Country

**Individual debtor's habitual residence:**

_____
Number          Street

_____
P.O. Box

_____
City          State/Province/Region        ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

Av. Apoquindo 4775, Oficina No. 1702
Number          Street

_____
P.O. Box

Santiago
City          State/Province/Region        ZIP/Postal Code

Chile
Country

---

**10. Debtor's website (URL)**

enjoy.cl

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

   ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ☐ Partnership

   ☐ Other.  Specify: _____

☐ Individual

---

| Debtor | Enjoy S.A. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**12. Why is venue proper in this district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____       Juan Ignacio Jamarne Torres
Signature of foreign representative              Printed name

Executed on   08/15/2023
                      MM / DD / YYYY

✗ _____       _____
Signature of foreign representative              Printed name

Executed on   _____
                      MM / DD / YYYY

**14. Signature of attorney**

✗ _____       Date   08/15/2023
Signature of Attorney for foreign representative         MM / DD / YYYY

Pedro A. Jimenez
Printed name
Paul Hastings LLP
Firm name
200 Park Ave.
Number        Street
New York                                        NY        10166
City                                                   State      ZIP Code

(212) 318-6000                           pedrojimenez@paulhastings.com
Contact phone                             Email address

NY 4448130                                NY
Bar number                                 State

**<u>Exhibit A</u>**



STATE OF NEW YORK

)
)
)
COUNTY OF NEW YORK                    )          ss

**CERTIFICATION**

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Spanish into English of the attached document.

Michael Stypa
Divergent Language Solutions, LLC

State of New York

County of New York

Subscribed to and sworn before me this __11__ day of __March__, 20 24 ,

by Michael Stypa.

Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ZE6350239
Qualified in Kings County
Commission Expires   November 7, 2024



**CLASSIFICATION**    : 1. [805] Reorganization Order
**COURT**            : 8th Civil Court of Santiago
**CASE DOCKET NO.**  : C-1590-2024
**CASE TITLE**      : /ENJOY S.A.

**Santiago, February ninth, two thousand twenty-four**

**In response to the official letter via the Online Judicial Office dated 2/6/2024 (sheet 5):**

To be added to the record, the official letter submitted by the Insolvency and Reactivation Superintendency.

**The following has been noted:**

**One:** The attorneys Myriam Verónica Barahona Aguirre, identity card No. 13.274.778-4, Juan Ignacio Eymin Ahumada, identity card No. 15.605.089-K, and Juan Luis Vial Hurtado, identity card No. 17.407.809-2, all act with power of attorney granted by contract in representation of ***Enjoy S.A.***. For these purposes, their legal address is Avenida Isidora Goyenechea 3477, piso 19, comuna de Las Condes. Enjoy S.A. is a public corporation engaged in the business of investment. Its Taxpayer Identification Number (RUT) is 96.970.380-7. Its legal representative is Esteban Rigo-Righi Baillie, identity card No. 13.454.480-5, an industrial civil engineer. The aforementioned attorneys request the initiation of a ***bankruptcy proceeding for the reorganization*** of a debtor company, as provided by Articles 54 et seq. of Law 20,720.

As the basis for their request, they state that Enjoy S.A. is a public corporation engaged in investment and is a parent *holding company* that is engaged in entertainment, restaurants, hotels, and gambling casinos. It was incorporated by a notarial deed dated October 23, 2001. It was registered in the Securities Register of the Financial Market Commission (CMF) under No. 1033 on June 9, 2009, and it is regulated and supervised by that institution.

After a general description of the company, they argue that due to the effects of the wave of protests that took place after October 18, 2019, and the effects of Covid-19, the company underwent a successful bankruptcy proceeding for judicial reorganization to restructure its liabilities. This ended in 2022, after having fulfilled the purpose and obligations set forth in that agreement.

They state that the termination of the aforementioned proceeding was declared by this court in the case with docket number C-6689-2020, by the order dated February 24, 2022.

They state that, despite having met their obligations under the reorganization agreement, the situation of the industry and the economy has been different from that projected in 2020, which has caused cash and liquidity problems for their client.

They state that Enjoy suffered the consequences of the delayed lifting of the health restrictions applied to the casino and entertainment industry as a result of the pandemic, which were extended until the third quarter of 2022. By that time, the limitations on the number of people at public gatherings had only recently been lifted, the consumption of food and beverages was allowed, 100% of slot machines were activated, and other applicable health protocols were lifted. This situation had major repercussions, since Enjoy's higher value customer segments took a while to recover their confidence, which affected the frequency of visits and the recovery of the revenues from 2020 and 2021.

They state that their client has a heavy financial burden, designed based on a projection for recovery that differed from the recovery that finally took place, which has impacted its liquidity and its ability to operate.

They state that due to the above, the company has not been able to carry out projects to improve its operating profitability. They add that it has had to restrict its investments and it has been unable to strengthen its financial position.

They state that given the above, especially due to the postponement of the recovery of revenues due to the health restrictions from the pandemic and the unexpected increase in inflation, their client's financial projection was greatly modified. In fact, the company has suffered significantly restricted liquidity, due to the *"EBITDA"* deficit and a highly restricted capital market to seek additional funds, which jeopardizes its fulfillment of its obligations to creditors.

**Two:** The requesting company's line of business is included in the company classification established in Article 2 number 13 of Law 20,720, in order to request the bankruptcy proceeding for reorganization established in Articles 54 et seq. of the Insolvency and Reactivation Law.

**Three:** In order to formally comply with its request, the Insolvency and Reactivation Superintendency added to the records the certificate of nomination of the regular and alternate trustees, which was received on February 6 of this year.

It has also been found that the debtor company submitted all of the information indicated in Article 56 of the aforementioned Law, complying with all information requirements to undergo a bankruptcy proceeding for reorganization, as set forth in Chapter III of Law 20,720.

In light of these considerations and the provisions of Article 57 of Law 20,720, ***the following is ordered***:

**1.-**   The appointment as ***regular trustee*** of ***Juan Ignacio Jamarne Torres***, identity card No. 17.084.514-5, with legal address at Avenida Apoquindo 4.775, oficina No. 17002, comuna de Las Condes, contact telephone number 224481048, email jijamarne@hyj.cl; and

the appointment as **alternate trustee** of **Enrique Marco Antonio Ortiz D'amico**, identity card No. 11.222.860-8, with legal address at Calle Amunátegui No. 277, oficina 1.001, comuna de Santiago, contact telephone number 226980795, email enriqueortiz@tie.cl.

**2.-**    During a period of **sixty business days** from the date of notification of this order, the debtor company will enjoy **bankruptcy financial protection** consisting of the following:

**2.a)** No bankruptcy proceeding for liquidation may be declared or brought against the debtor company. No foreclosure proceedings, foreclosures of any kind, or action to recover possession in lease proceedings may be brought against it. The above will not apply to labor proceedings with respect to senior obligations. In this case, only the foreclosure and sale of the debtor's assets is suspended, except in the case of labor proceedings of this kind to which the debtor is a party for the benefit of the debtor's spouse, the debtor's relatives, the managers, trustees, attorneys-in-fact with general administrative powers, or any other persons involved in the administration of the debtor's business.

**2.b)** The processing of the proceedings indicated in letter a) above and the limitation periods will be suspended.

**2.c)** All contracts entered into by the debtor shall remain in force and maintain their payment terms. Therefore, they may not be unilaterally terminated in advance, their performance may not be demanded in advance, and the contracted security interests may not be enforced on the grounds of the initiation of a bankruptcy proceeding for reorganization. Debt from any creditor who violates this prohibition will be postponed until payment of all creditors affected by the judicial reorganization agreement, including creditors that are related persons of the debtor.

To enact the aforementioned postponement, the declaration thereof must be requested via a motion before this court. This provision will not apply to framework agreements for derivative transactions, framework agreements for sale transactions with repurchase covenants, framework agreements for purchase transactions with repurchase covenants, or any equivalent transactions involving any of the instruments referred to in paragraph 8 of Article 1 of Law No. 20,345, in which the debtor is an institutional investor. The above will be governed in this matter by the special rules set forth in the second and subsequent paragraphs of Article 140 of the aforementioned Law.

**2.d)** If the debtor is listed in any public register as a contractor or provider of any service, and if the debtor is up to date in its contractual obligations to the respective client, it may not be eliminated or prevented from participating in bidding processes based on the initiation of a bankruptcy proceeding for reorganization.

**3.-** During the bankruptcy financial protection, the following will apply to the debtor:

**3.a)** It will be subject to the intervention of the trustee Juan Ignacio Jamarne Torres, who must comply with the obligations set forth in Article 25 of Law 20,720.

**3.b)** It may not encumber or dispose of its assets, except for any assets whose disposal or sale is part of its line of business or when strictly necessary for the normal course of its business. With respect to other property or assets, the provisions of Article 74 of the aforementioned Law will apply.

**3.c)** Legal entities may not modify their articles of incorporation, bylaws, or powers of attorney.

**4.-** The bankruptcy financial protection expires sixty business days from notification of this order.

**5.-** Through the trustee, the debtor will publish in the Bankruptcy Gazette and submit to this court, *at least ten business days before the date set for the meeting of creditors*, its *proposed judicial reorganization agreement*. If it fails to do so, the trustee will certify this circumstance and the liquidation order will be issued, without further procedures.

**6.-** The aforementioned *meeting of creditors* will be held at a hearing at *9:00 a.m. on the sixtieth business day following notification of this order*, for the purpose of deciding on the proposed judicial reorganization agreement submitted by the debtor. If the meeting date falls on a Saturday, it will be held on the following business day at the appointed time.

**7.-** In exercise of the power granted by Article 77 Bis of the Code of Civil Procedure, in connection with Article 6 B of Law 20,720, and considering that this court did not adopt the form of work provided for in Article 47 D of the Organic Code of the Courts, it is ordered that the aforementioned meeting will be held *in person at the premises of the court*, located at Calle Huérfanos No. 1409, 3rd floor, Santiago.

**8.-** Within *fifteen business days* of notification of this order, all creditors must certify before the court their legal capacity to act in the bankruptcy proceeding for reorganization. They must expressly indicate the powers that they grant to their attorneys-in-fact to examine, modify, and adopt the judicial reorganization agreement.

**9.-** The trustee must register a copy of this order in the corresponding Real Estate Registers as a notation to the property entry of each of the properties belonging to the debtor.

**10.-** The trustee must submit to the court and publish in the Bankruptcy Gazette its *report on the proposed* judicial reorganization agreement, *at least three business days*

*before the date set for the meeting of creditors* that will vote on the agreement. This trustee's report must contain a well-founded assessment regarding the following:

**10.a)** Whether the proposal can be complied with, considering the debtor's conditions;

**10.b)** The probable amount recovered that would be assigned to each creditor, in its respective category, in the event of a bankruptcy proceeding for liquidation, based on the commercial value of the assets, their estimated depreciation in the event of liquidation, and the amount of preferred, secured, and unsecured debt.

**10.c)** Whether the debtor's proposed determination of the debts and their preference are in accordance with the law.

**11.-** *Within five working days* of notification of this order, *a hearing must be held at 9:00 a.m., which must be attended by the debtor and the three largest creditors indicated in the certificate by the independent accountant auditor referred to by Article 55 of Law 20,720*. This hearing will address the fee proposal submitted by the trustee. This hearing will be held *in person* at the premises of the court, located at Calle Huérfanos No. 1409, 3rd floor, Santiago, with the justification provided in paragraph 7.

If the meeting date falls on a Saturday, it will be held on the following business day at the appointed time.

**12.-** The debtor must provide the trustee with a copy of all of the information submitted in accordance with Article 56 of the aforementioned law, which will be published by the trustee in the Bankruptcy Gazette, together with a copy of this order, within three days of the issuance of this order.

**13.-** The trustee must leave a written record of the publication in the Bankruptcy Gazette on the same day as the publication.

**Issued by Isabel Eyzaguirre Flores, judge of the Eighth Civil Court of Santiago.**

In **Santiago,** on **February ninth, two thousand twenty-four,** notice of the preceding order was served by publication in a visible location at the Court. (pma.)



**Isabel Melissa Eyzaguirre Flores**
Judge
Judiciary
February ninth, two thousand twenty-four
9:58 a.m. UTC-3

NOMENCLATURA  : 1. [805]Resolución de Reorganización
JUZGADO       : 8º Juzgado Civil de Santiago
CAUSA ROL     : C-1590-2024
CARATULADO    : /ENJOY S.A.

Santiago,  nueve de Febrero de dos mil veinticuatro

**Al oficio por OJV de 06/02/2024 (folio 5):**

A sus autos, oficio que remite la Superintendencia de Insolvencia y Reemprendimiento.

**Vistos y teniendo presente:**

**Primero:** Que comparecen los abogados doña Myriam Verónica Barahona Aguirre, cédula de identidad N°13.274.778-4, don Juan Ignacio Eymin Ahumada, cédula de identidad N° 15.605.089-K y don Juan Luis Vial Hurtado, cédula de identidad N°17.407.809-2, quienes en representación convencional de *Enjoy S.A.,* sociedad anónima abierta, del giro de sociedades de inversión, RUT N° 96.970.380-7, representada por Esteban Rigo-Righi Baillie, cédula de identidad N° 13.454.480-5, ingeniero civil industrial, todos domiciliados para estos efectos en avenida Isidora Goyenechea 3477, piso 19, comuna de Las Condes, solicitan el inicio de un *procedimiento concursal de reorganización* de empresa deudora, en los términos previstos por los artículos 54 y siguientes de la Ley 20.720.

Fundan su solicitud, señalando que Enjoy S.A. es una sociedad anónima abierta dedicada a la inversión y matriz de un *holding* que ejerce actividades de entretenimiento, restaurantes, hoteles y casinos de juego; constituida mediante escritura pública de fecha 23 de octubre de 2001 e inscrita en el Registro de Valores de la Comisión para el Mercado Financiero (CMF) bajo el N° 1033, con fecha 9 de junio del año 2009; encontrándose regulada y supervisada por la misma institución.

Previa descripción general de la compañía, aducen que luego de los efectos generados por el estallido social ocurrido luego del 18 de octubre del 2019, así como también, por el denominado Covid-19, la empresa se sometió a un exitoso procedimiento concursal de reorganización judicial para reestructurar su pasivo, el cual terminó el año 2022, luego de haberse cumplido con el objeto y las obligaciones contenidas en dicho acuerdo.

Puntualizan que el término del referido procedimiento fue declarado por este tribunal en el rol C-6689-2020, mediante resolución de 24 de febrero del 2022.

Manifiestan que, pese a haber cumplido sus obligaciones asumidas en el acuerdo de reorganización, la situación de la industria y de la economía fue distinta a aquella proyectada el año 2020, lo cual ha generado problemas de caja y liquidez para su representada.

En efecto, ponen de relieve que Enjoy sufrió las consecuencias de la postergación del levantamiento de las restricciones sanitarias que afectaban a la industria de casinos y entretenimiento producto de la pandemia, las cuales se extendieron hasta el tercer trimestre del año 2022, donde recién se levantó la restricción del aforo, permitiéndose el consumo de alimentos y bebidas, así como para poder habilitar el 100% de las máquinas tragamonedas y poder levantar los protocolos sanitarios respectivos, situación que irrogó grandes repercusiones, por cuanto a los segmentos de clientes de mayor valor para Enjoy, la confianza tardó en recuperarse, lo cual afectó la frecuencia de las visitas y la recuperación de los ingresos de los años 2020 y 2021.

Hacen presente que su representada tiene una fuerte carga financiera, diseñada en base a una proyección de recuperación distinta a la que finalmente ocurrió, lo que ha traído consecuencias en su liquidez y posibilidades de operación.

Acotan que por lo anterior, la empresa no ha podido desarrollar proyectos para mejorar la rentabilidad operacional, debiendo restringir sus inversiones, además, de señalar que no ha podido fortalecer su posición financiera.

Conforme a lo expuesto, en especial, por la postergación de la recuperación de los ingresos producto de las restricciones sanitarias producto de la pandemia y el aumento inesperado de la inflación, refieren que la proyección económica de su mandante se vio fuertemente alterada y en realidad, la sociedad ha sufrido restricción de liquidez significativa, debido al déficit de *"EBITDA"* y a un mercado de capitales altamente restringido para buscar fondos adicionales, lo que tiene en riesgo el cumplimiento de sus obligaciones con los acreedores.

**Segundo:** Que el giro de la persona solicitante se encuentra comprendida en la clasificación de empresa establecida en el artículo 2° número 13 de la Ley 20.720, para poder solicitar el procedimiento concursal de reorganización establecida en los artículos 54 y siguientes de la misma Ley de Insolvencia y Reemprendimiento.

**Tercero:** Que para los efectos de dar cumplimiento formal a su solicitud, la Superintendencia de Insolvencia y Reemprendimiento acompañó a los autos el certificado de nominación de veedores titular y suplente, el cual fue recibido con fecha 6 de febrero en curso.

De igual modo, consta que la empresa deudora acompañó todos los antecedentes indicados en el artículo 56 de la citada Ley, cumpliendo con todos los antecedentes requeridos para poder someterse a un procedimiento de reorganización concursal, en los términos contemplados por el Capítulo III de la Ley 20.720

Por estas consideraciones y visto, además, lo dispuesto en el artículo 57 de la Ley N°20.720, *se resuelve que*:

**1.-** Se designa *veedor titular* a don ***Juan Ignacio Jamarne Torres***, cédula de identidad N° 17.084.514-5, domiciliado en avenida Apoquindo 4.775, oficina N°17002, comuna de Las Condes, teléfono de contacto 224481048, correo electrónico jijamarne@hyj.cl; y como ***veedor suplente*** a

don **Enrique Marco Antonio Ortiz D'amico**, cédula de identidad Nº 11.222.860-8, domiciliado en calle Amunátegui Nº 277, oficina 1.001, de la comuna de Santiago, teléfono de contacto 226980795, correo electrónico enriqueortiz@tie.cl.

**2.-** Que durante el plazo de **sesenta días hábiles**, contados desde la notificación de esta resolución, la empresa deudora gozará de una **protección financiera concursal** en virtud de la cual:

**2.a)** No podrá declararse ni iniciarse en contra de la empresa deudora un procedimiento concursal de liquidación, ni podrán iniciarse en su contra juicios ejecutivos, ejecuciones de cualquier clase o restituciones en juicios de arrendamiento. Lo anterior no se aplicará a los juicios laborales sobre obligaciones que gocen de preferencia de primera clase, suspendiéndose en este caso sólo la ejecución y realización de bienes del deudor, salvo que se trate de juicios laborales de este tipo que el deudor tuviere en tal carácter a favor de su cónyuge, de sus parientes, o de los gerentes, administradores, apoderados con poder general de administración u otras personas que tengan injerencia en la administración de sus negocios.

**2.b)** Se suspenderá la tramitación de los procedimientos señalados en la letra a) precedente y los plazos de prescripción extintiva.

**2.c)** Todos los contratos suscritos por el deudor mantendrán su vigencia y condiciones de pago. En consecuencia, no podrán terminarse anticipadamente en forma unilateral, exigirse anticipadamente su cumplimiento o hacerse efectivas las garantías contratadas, invocando como causal el inicio de un procedimiento concursal de reorganización. El crédito del acreedor que contraviniere esta prohibición quedará pospuesto hasta que se pague a la totalidad de los acreedores a quienes les afectare el acuerdo de reorganización judicial, incluidos los acreedores, personas relacionadas del deudor.

Para hacer efectiva la postergación señalada, deberá solicitarse su declaración en forma incidental ante este tribunal. Lo dispuesto en esta letra no se aplicará a los convenios marco de contratación de operaciones de derivados ni a los convenios marco de contratación de operaciones de venta con pacto de retrocompra o de operaciones de compra con pacto de retroventa u otras operaciones equivalentes que recaigan sobre alguno de los instrumentos a que se refiere el número 8 del artículo 1 de la ley Nº 20.345, en los que el deudor sea un inversionista institucional, los que se regirán en esta materia por las normas especiales a que se refiere el inciso segundo y siguientes del artículo 140 de dicha ley.

**2.d)** Si el deudor formare parte de algún registro público como contratista o prestador de cualquier servicio, y siempre que se encuentre al día en sus obligaciones contractuales con el respectivo mandante, no podrá ser eliminado ni se le privará de participar en procesos de licitación, fundado en el inicio de un procedimiento concursal de reorganización.

**3.-** Que durante la protección financiera concursal el deudor:

**3.a)** Quedará sujeto a la intervención del veedor Juan Ignacio Jamarne Torres, quien deberá cumplir con las obligaciones indicadas por el artículo 25 de la Ley 20.720.

**3.b)** No podrá gravar o enajenar sus bienes, salvo aquellos cuya enajenación o venta sea propia de su giro o que resulten estrictamente necesarios para el normal desenvolvimiento de su actividad; y respecto de los demás bienes o activos, se estará a lo previsto en el artículo 74 de la aludida norma.

**3.c)** Tratándose de personas jurídicas, éstas no podrán modificar sus pactos, estatutos sociales o régimen de poderes.

**4.-** Que la protección financiera concursal expira a los sesenta días hábiles de notificada la presente resolución.

**5.-** El deudor a través del veedor publicará en el Boletín Concursal y acompañará a este tribunal, *a lo menos diez días hábiles antes de la fecha fijada para la junta de acreedores*, su *propuesta de acuerdo de reorganización judicial*, de lo contrario, el veedor certificará esta circunstancia y se dictará la resolución de liquidación, sin más trámite.

**6.-** Que la referida *junta de acreedores* se realizará en audiencia de las *09:00 horas del sexagésimo día hábil de notificada la presente resolución*, para los efectos de pronunciarse sobre la propuesta de acuerdo de reorganización judicial que presente el deudor; de recaer en día sábado ésta se celebrará al día siguiente hábil a la hora señalada.

**7.-** Que atendido la facultad conferida por el artículo 77 Bis del Código de Procedimiento Civil, en relación con lo señalado por el artículo 6 B de la Ley N° 20.720 y teniendo en consideración que este tribunal no se acogió a la modalidad de trabajo prevista en el artículo 47 D del Código Orgánico de Tribunales, se dispone que la citada junta se celebrará en forma *presencial en las dependencias del tribunal*, ubicado en calle Huérfanos N° 1409, 3er piso, Santiago.

**8.-** Que dentro de *quince días hábiles* contados desde la notificación de esta resolución, todos los acreedores deberán acreditar ante el tribunal su personería para actuar en el procedimiento concursal de reorganización, con indicación expresa de la facultad que le confieren a sus apoderados para conocer, modificar y adoptar el acuerdo de reorganización judicial.

**9.-** El veedor deberá inscribir copia de esta resolución en los Conservadores de Bienes Raíces correspondientes al margen de la inscripción de propiedad de cada uno de los inmuebles que pertenecen al deudor.

**10.-** El veedor deberá acompañar al tribunal y publicar en el Boletín Concursal su *informe sobre la propuesta* de acuerdo de reorganización

judicial, *a lo menos tres días hábiles antes de la fecha fijada para la celebración de la junta de acreedores* que votará dicho acuerdo. Este informe del veedor deberá contener la calificación fundada acerca de:

**10.a)** Si la propuesta es susceptible de ser cumplida, habida consideración de las condiciones del deudor;

**10.b)** El monto probable de recuperación que le correspondería a cada acreedor en sus respectivas categorías, en caso de un procedimiento concursal de liquidación, considerando el valor comercial de los bienes, su depreciación estimable en caso de liquidación y el monto de créditos preferentes, garantizados y valistas, y;

**10.c)** Si la propuesta de determinación de los créditos y su preferencia indicada por el deudor se ajustan a la ley.

**11.-** Que *dentro de quinto día hábil* de efectuada la notificación de esta resolución, *deberán asistir a una audiencia, a las 09:00 horas, el deudor y los tres mayores acreedores indicados en la certificación del contador auditor independiente referida en el artículo 55 de la Ley N°20.720,* la que versará sobre la proposición de honorarios que formule el veedor. Dicha audiencia se realizará en *forma presencial* en las dependencias del tribunal, ubicado en calle Huérfanos N° 1409, 3° piso, Santiago, conforme lo razonado en el motivo 7°.

De recaer en día sábado ésta se celebrará al día siguiente hábil a la hora señalada.

**12.-** El deudor debe proporcionar al veedor copia de todos los antecedentes acompañados conforme al artículo 56 de la aludida ley, los que serán publicados junto a copia de esta resolución, por el veedor en el Boletín Concursal dentro del plazo de tres días contado desde su dictación.

**13.-** El veedor deberá dejar constancia por escrito de la publicación en el Boletín Concursal, el mismo día en que ésta se practique.

**Dictada por doña Isabel Eyzaguirre Flores, juez titular del Octavo Juzgado Civil de Santiago.**

En **Santiago, a nueve de Febrero de dos mil veinticuatro,** se notificó por el estado diario, la resolución precedente. (pma).

**<u>Exhibit B</u>**



STATE OF NEW YORK

           )
           )
           )
COUNTY OF NEW YORK       )    ss

## **CERTIFICATION**

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Spanish into English of the attached document.

Michael Stypa
Divergent Language Solutions, LLC

State of New York

County of New York

Subscribed to and sworn before me this __11__ day of __March__, 20__24__,

by Michael Stypa.

_____
Notary Public



MATTHEW C. ZELAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ZE6350239
Qualified in Kings County
Commission Expires   November 7, 2024

600 California Street, 11th Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com



[logo:] Bankruptcy Superintendency Ministry of Justice Government of Chile

**ORDER THAT IS EXEMPT FROM REVIEW OF CONSTITUTIONALITY AND LEGALITY NO. 2473**

**BACKGROUND: BANKRUPTCY AND REACTIVATION SUPERINTENDENCY (SUPERIR) SUBMISSION NO. 16280 OF 2/21/2024**

**SUBJECT: AUTHORIZATION TO ACT IN FOREIGN STATES**

**RE: BANKRUPTCY PROCEEDING FOR JUDICIAL REORGANIZATION OF THE DEBTOR COMPANY ENJOY S.A.; DOCKET NO. C-1590-2024; EIGHTH CIVIL COURT OF SANTIAGO**

**SANTIAGO, FEBRUARY 26, 2024**

**IN LIGHT OF:**

The powers granted to me by Law 20,720, which replaces the existing bankruptcy system with a Law on the Reorganization and Liquidation of Assets of Companies and Individuals; the provisions of Law 21,563, which Modernizes the Bankruptcy Procedures Established in Law 20,720 and Creates New Procedures for Microenterprises and Small Companies; the provisions of Decree Law 1-19,653, of November 17, 2001, which establishes the Revised, Coordinated, and Systematized Text of Law 18,575, the Constitutional Organic Law on the General Basis for Government Administration; the provisions of Law 19,880, which establishes the Basis for the Administrative Procedures Governing Acts by Government Administration Bodies; the provisions of Order 7 of 2019 by the Comptroller General of the Republic, which establishes rules on Exemption from Review for Constitutionality and Legality; and Decree 8 of January 19, 2023, by the Ministry of Economy, Development, and Tourism.

**WHEREAS:**

**1.** Chapter VIII of Law 20,720 establishes the rules governing cross-border bankruptcy.

1

**2.** Article 304 of the aforementioned Law states that "*The Superintendency will be the body entitled to act in a foreign State in representation of a proceeding initiated in Chile in accordance with this law or any other special regulation involving bankruptcy, to the extent allowed by the applicable foreign law*.

*The Superintendency may delegate this authorization to act to the bankruptcy administrator taking part in the proceeding. Any civil and administrative liability they may incur in the exercise of their duties in a foreign proceeding will be enforced in accordance with the provisions of this law."*

**3.** Bankruptcy And Reactivation Superintendency (SIR) Instruction No. 1 of July 6, 2016, provided instructions on aspects related to processing cross-border bankruptcy proceedings.

**4.** In Bankruptcy and Reactivation Superintendency (Superir) Submission No. 16280, the Trustee, Juan Ignacio Jamarne Torres, requested of this Superintendency "*authorization to act before the U.S. Bankruptcy Courts in order for them to recognize the Bankruptcy Proceeding for Reorganization processed in the case with docket No. C-1590-2024, before the 8th Civil Court of Santiago, and in order for them to grant similar Bankruptcy Financial Protection to the debtor company for the duration of the Bankruptcy Proceeding for Reorganization, with its respective extensions.*" He submitted documents supporting his request.

**5.** Article 1 of the aforementioned Bankruptcy And Reactivation Superintendency Instruction No. 1 states that "*The Superintendency will delegate authorization to act in the foreign State to the Liquidator, Trustee, or Administrator of the Continuation of the Debtor's Economic Activities who is taking part in the respective bankruptcy proceeding, when it orders this by means of a well-founded order issued for that purpose (...)"*

**6.** Based on the information provided by the Trustee, it can be determined that the bankruptcy proceeding in question is subject to the regulations for cross-border bankruptcy proceedings, since foreign creditors have an interest in participating in the proceeding initiated in Chile and the debtor has assets abroad.

**7.** In light of the aforementioned facts,

**I RULE AS FOLLOWS:**

2

**1.   AUTHORIZE** Juan Ignacio Jamarne Torres, National Identity (RUN) No. 17.084.514-5, with address at Avenida Apoquindo No. 4775, Oficina 1702, comuna de Las Condes, Santiago, Chile, to act abroad as bankruptcy trustee in the bankruptcy proceeding for judicial reorganization of the debtor company Enjoy S.A., docket No. C-1590-2024 in the 8th Civil Court of Santiago, in accordance with Article 304 of Law 20,720.

**2. AUTHORIZE** the Trustee to take any actions required to implement the authorization indicated in the previous paragraph in the jurisdiction of the United States of America.

**3. STATE FOR THE RECORD** that this authorization will have a maximum duration of six months from the date of notification of this document, which may be extended by this Superintendency if the Trustee requests it and if the information submitted demonstrates the need to extend the period.

**4.   INSTRUCT** the Trustee to comply with the following:

(i)  Provide detailed accounts, with supporting documents, of all expenses incurred in implementing this authorization.

(ii) Report on all actions taken in connection with this authorization, submitting all supporting documents for that purpose.

(iii) Report to the Meeting of Creditors in order to inform it of any matters where it must make a decision in the framework of this cross-border bankruptcy proceeding, when required by the importance of these matters.

The Trustee must report to this Superintendency and the court hearing this proceeding with regard to paragraphs (i) and (ii) above, on the last business day of each month.

**5.   SERVE NOTICE** by email to the Trustee, Juan Ignacio Jamarne Torres, of this order that is exempt from review of constitutionality and legality.

**RECORD AND FILE THE ABOVE,**

3

[seal:] BANKRUPTCY AND REACTIVATION
SUPERINTENDENCY; SUPERINTENDENT
[signature]
[stamp:] HUGO SÁNCHEZ RAMÍREZ, BANKRUPTCY
AND REACTIVATION SUPERINTENDENT

PVL/PCP/JAA/EGZ/SUS/SMP
**DISTRIBUTION:**
Juan Ignacio Jamarne Torres
Trustee
**Presente**

4



**RESOLUCIÓN EXENTA N.° 2473**

**ANT.: INGRESO SUPERIR N.° 16280 DE 21.02.2024**

**MAT.: AUTORIZA PARA ACTUAR EN ESTADOS EXTRANJEROS**

**REF.: PROCEDIMIENTO CONCURSAL DE REORGANIZACIÓN JUDICIAL DE EMPRESA DEUDORA ENJOY S.A.; ROL C-1590-2024; OCTAVO JUZGADO CIVIL DE SANTIAGO**

**SANTIAGO, 26 FEBRERO 2024**

**VISTO:**

Las facultades que me confiere la Ley N.° 20.720, que sustituye el régimen concursal vigente por una Ley de Reorganización y Liquidación de Activos de Empresas y Personas; lo dispuesto en la Ley N.° 21.563, que Moderniza los Procedimientos Concursales Contemplados en la Ley N.° 20.720 y Crea Nuevos Procedimientos para Micro y Pequeñas Empresas; en el D.F.L. N.° 1-19.653, de 17 de noviembre de 2001, que fija el texto Refundido, Coordinado y Sistematizado de la Ley N.° 18.575, Orgánica Constitucional de Bases Generales de la Administración del Estado; en la Ley N.° 19.880, que establece Bases de los Procedimientos Administrativos que Rigen los Actos de los Órganos de la Administración del Estado; en la Resolución N.° 7 de 2019 de la Contraloría General de la República, que fija normas sobre Exención del Trámite de Toma de Razón; y el Decreto N.° 8 de 19 de enero de 2023, del Ministerio de Economía, Fomento y Turismo.

**CONSIDERANDO:**

**1°** Que, el Capítulo VIII de la Ley N.° 20.720 regula las normas relativas a la insolvencia transfronteriza.

1

**2°** Que, el artículo 304 de la referida Ley señala que *"La Superintendencia será el órgano legitimado para actuar en un Estado extranjero en representación de un procedimiento iniciado en Chile con arreglo a esta ley o a toda otra norma especial relativa a la insolvencia, en la medida en que lo permita la ley extranjera aplicable.*

*La Superintendencia podrá delegar esta autorización para actuar en el administrador concursal que esté conociendo del procedimiento. La responsabilidad civil y administrativa en la que pudieren incurrir en el ejercicio de sus funciones en un procedimiento extranjero se hará valer de acuerdo a los términos establecidos en esta ley."*

**3°** Que, el Instructivo SIR N.° 1 de 6 de julio de 2016 instruyó sobre aspectos relativos a la tramitación del procedimiento de insolvencia transfronteriza.

**4°** Que, mediante Ingreso Superir N.° 16280 del antecedente el Veedor, señor Juan Ignacio Jamarne Torres, solicitó a esta Superintendencia la *"autorización para actuar ante los Tribunales de Bancarrota de EE.UU. con el objeto que estos reconozcan el Procedimiento Concursal de Reorganización tramitado en autos Rol Nº C-1590-2024, ante el 8° Juzgado Civil de Santiago, y otorguen un símil de la Protección Financiera Concursal a la empresa deudora, mientras dure el Procedimiento Concursal de Reorganización con sus respectivas prórrogas",* acompañando documentos que respaldan su solicitud.

**5°** Que, el artículo 1° del referido Instructivo SIR N.° 1 establece que *"La Superintendencia delegará la autorización para actuar en el Estado extranjero en el Liquidador, Veedor o Administrador de la Continuación de las Actividades Económicas del Deudor que estuviere conociendo del procedimiento concursal respectivo, cuando así lo disponga mediante resolución fundada dictada al efecto (…)."*

**6°** Que, acorde a lo informado por el Veedor, es posible advertir que al Procedimiento Concursal de la referencia le resultan aplicables las normas relativas al procedimiento de insolvencia transfronteriza, por cuanto acreedores extranjeros tienen interés en participar en el procedimiento iniciado en Chile, y existen bienes del deudor en el extranjero.

**7°** Que, en razón de los antecedentes señalados,

**RESUELVO:**

2

**1º. AUTORÍCESE** para actuar en el extranjero al Veedor, señor Juan Ignacio Jamarne Torres, RUN N.º 17.084.514-5, domiciliado en Avenida Apoquindo N.° 4775, Oficina 1702, comuna de Las Condes, Santiago de Chile, como administrador concursal del procedimiento concursal de reorganización judicial de empresa deudora Enjoy S.A., rol C-1590-2024 del 8° Juzgado Civil de Santiago, conforme a lo señalado en el artículo 304 de la Ley N.° 20.720.

**2° FACÚLTESE** al Veedor para ejercer las actuaciones necesarias para llevar a cabo la autorización señalada en el numeral anterior, en la jurisdicción de Estados Unidos de América.

**3° DÉJESE** constancia que la presente autorización tendrá una duración máxima de 6 meses desde la notificación del presente acto, la cual puede ser prorrogable por esta Superintendencia, si el Veedor así lo solicita y los antecedentes acompañados acreditan la necesidad de extender dicho período.

**4° INSTRUYÁSE** al Veedor a dar cumplimiento a lo siguiente:

(i) Rendir cuenta detallada con los documentos respaldatorios de todos los gastos en que incurra con motivo del ejercicio de la presente autorización.

(ii) Informar de todas las gestiones y actuaciones que realice con motivo de la presente autorización, acompañando al efecto todos los documentos fundantes.

(iii) Informar en Junta de Acreedores, para poner en conocimiento de ésta, las materias sobre las cuales le corresponda pronunciarse en el marco del presente procedimiento de insolvencia transfronteriza, cuando la importancia de éstas así lo exijan.

De los puntos (i) y (ii) precedentes deberá informar a esta Superintendencia y al tribunal del procedimiento, el último día hábil de cada mes.

**5° NOTIFÍQUESE** la presente resolución exenta mediante correo electrónico al Veedor, señor Juan Ignacio Jamarne Torres.

**ANÓTESE Y ARCHÍVESE,**

3



**HUGO SÁNCHEZ RAMÍREZ**
**SUPERINTENDENTE DE INSOLVENCIA Y**
**REEMPRENDIMIENTO**

PVL/PCP/JAA/EGZ/SUS/SMP
**DISTRIBUCIÓN:**
Señor Juan Ignacio Jamarne Torres
Veedor
**Presente**

4

**<u>Exhibit C</u>**

**PAUL HASTINGS LLP**
Pedro A. Jimenez
Douglass E. Barron
200 Park Avenue
New York, NY 10166
(212) 318-6000 (Tel)
(212) 319-4090 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| ENJOY S.A.[1] | Case No. 24- _____ (____) |
| Debtor in a Foreign Proceeding. | |

## DISCLOSURE PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL
## RULES OF BANKRUPTCY PROCEDURE

Juan Ignacio Jamarne Torres, in his capacity as the duly authorized foreign representative

(the "Foreign Representative") of Enjoy S.A., a debtor in a foreign reorganization proceeding (the

"Foreign Debtor") under Chile's Law 20.720 and 21.563 (the "Foreign Proceeding") pending in

the 8th Civil Court of Santiago in Santiago, Chile (the "Chilean Court"), hereby files this list

pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and respectfully sets

forth as follows:

---

[1] The Foreign Debtor's Chilean tax identification number is 96.970.380-7. The location of the Foreign Debtor's executive office is Av. Presidente Riesco 5711, 15th Floor, Borough of Las Condes, Santiago, Chile, Postal Code 756114.

**I.      All Persons or Bodies Authorized to Administer the Foreign Proceeding**

| Name | Address |
|---|---|
| Juan Ignacio Jamarne Torres, as Overseer and Foreign Representative | Avenida Apoquindo 4775, Oficina No. 1702, Santiago, Chile |
| Isabel Melissa Eyzaquirre Flores, as Presiding Judge | Huérfanos N° 1409, Santiago. |

**II.     All Parties to Litigation Pending in the United States in which the Foreign Debtor is a Party at the Time of Filing of the Petition**

1.      Neither the Foreign Representative nor the Foreign Debtor is party to any pending

litigation in the United States as of the date hereof.

**III.    Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519**

2.      The Foreign Representative is not seeking provisional relief.[2]

---

[2]      The Foreign Representative reserves his rights to seek such relief in the future should it become necessary.

Dated:   New York, New York
         March 15, 2024

Respectfully submitted,
PAUL HASTINGS LLP

*/s/ Pedro A. Jimenez*
Pedro A. Jimenez
Douglass E. Barron
200 Park Avenue
New York, NY 10166
(212) 318-6000 (Tel)
(212) 319-4090 (Fax)

**<u>Exhibit D</u>**

**PAUL HASTINGS LLP**
Pedro A. Jimenez
Douglass E. Barron
200 Park Avenue
New York, NY 10166
(212) 318-6000 (Tel)
(212) 319-4090 (Fax)

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ENJOY S.A.[1]<br><br>           Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24- _____ (\_\_\_\_) |

### CORPORATE OWNERSHIP STATEMENT
### PURSUANT TO BANKRUPTCY RULES 1007(A)(4)
### AND 7007.1 AND LOCAL RULE 1007-3

Juan Ignacio Jamarne Torres, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of Enjoy S.A., a debtor in a foreign reorganization proceeding (the "Foreign Debtor") under Chile's Law 20.720 and 21.563 (the "Foreign Proceeding") pending in the 8th Civil Court of Santiago in Santiago, Chile (the "Chilean Court"), hereby files the corporate ownership information required by Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York.

---

[1]    The Foreign Debtor's Chilean tax identification number is 96.970.380-7. The location of the Foreign Debtor's executive office is Av. Presidente Riesco 5711, 15th Floor, Borough of Las Condes, Santiago, Chile, Postal Code 7561114.

1.      As of the date of this filing, each of (i) Euroamérica S.A., (ii) Penta Vida Compañía de Seguros de Vida S.A., and (iii) Banchile Corredores de Bolsa S.A., owns, directly or indirectly, 10% or more of the equity interests of the Foreign Debtor.

Dated:    New York, New York
          March 15, 2024

                          Respectfully submitted,
                          PAUL HASTINGS LLP

                          /s/ Pedro A. Jimenez
                          Pedro A. Jimenez
                          Douglass E. Barron
                          200 Park Avenue
                          New York, NY 10166
                          (212) 318-6000 (Tel)
                          (212) 319-4090 (Fax)